IRVING REICHSTEIN, PROSECUTOR, v. BENJAMIN F. TURNER, DIRECTOR OF PUBLIC SAFETY OF THE CITY OF PASSAIC; THE BOARD OF COMMISSIONERS OF THE CITY OF PASSAIC, AND THE CITY OF PASSAIC, DEFENDANTS.

Argued January 18, 1928—Decided April 19, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Sigmund Unger (Arthur T. Vanderbilt, of counsel).*

For the defendants, *Joseph H. Betz (Joseph J. Weinberger, of counsel).*

PER CURIAM.

The prosecutor of this writ, Irving Reichstein, after having been a member of the police force of the city of Passaic for three years, was discharged, after hearing, upon charges filed against him. The charges were, and he was discharged on a finding, that on the 28th day of May, 1927, he willfully, in violation of sections 14 and 17 of the police rules and regulations, accepted a bribe of $5 from one Sam Maggio for the purpose of preventing the prosecution of one John King, to whom a summons had been issued for speeding, in violation of the motor vehicle laws.

At the hearing, the accused was represented by counsel, the testimony taken stenographically is returned with the record.

The first point made by the accused is that the director of public safety conducted an investigation, and not a trial, as required by the statute, and that he allowed incompetent evidence to be introduced and showed bias and prejudice, and that the prosecutor did not receive a fair trial.

But the fact that the director, during the course of the proceeding, referred to it casually as an "investigation" is of no moment. Counsel for accused admitted service of the charges, and announced that he was ready to meet them. We think that he had a fair trial and that no such bias or prejudice was shown as would justify us in disturbing the finding. In such a proceeding as this, a fair trial does not mean that all the formalities should be observed that are used in a trial of criminals for minor offenses in courts or by

magistrates. . The essential thing is that substantial justice should be regarded, and the court, on review by *certiorari*, will only look to see if there was sufficient legal evidence to justify the action below. *Ayers* v. *Newark*, 49 *N. J. L.* 170. We do not find that the accused was prejudiced legally either by admission or rejection of evidence. We think there is no merit in the first point.

The second point is that the charges against the accused were not properly signed as required by the statute, and that the record does not disclose that they were ever filed in the office of the head of the police department as required by the statute.

This point seems to be ill-founded in point of fact. Not only were the charges signed but they were sworn to, and we think the return made by the commissioner shows that the charges were filed, and presumably in his office. Moreover, as we have pointed out, the accused, through his counsel, admitted service of the charges, and announced himself ready to meet them.

The next point is that the charges were improperly delayed for six months and the accused was denied a reasonable opportunity to prepare his defense.

This point seems likewise to be ill-founded in point of fact. The charge seems to have been prosecuted as soon as brought to the attention of the commissioner, and we are unable to perceive that he was denied reasonable opportunity to prepare his defense. In fact, the admission of the accused is to the contrary.

The next point is that there was no substantial basis for the order dismissing the accused.

We think there is no merit in this. We think the testimony very clearly tends to show that the accused accepted $5 as a bribe, which was paid to him by Maggio on Monroe street, across the way from the Capitol theatre, for the purpose of "killing the ticket," and no reason is apparent why the commissioner should have disbelieved that testimony.

The order brought up for review will be affirmed, with costs.